


# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 2031-CC00055 |
|---|---|
| Plaintiff/Petitioner:<br>CHARLES MINGUS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JERRY MICHAEL KIRKSEY<br>711 S ALBANY AVE<br>BOLIVAR, MO 65613 |
| Defendant/Respondent:<br>KRAFT HEINZ FOODS COMPANY | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** KRAFT HEINZ FOODS COMPANY
**Alias:**
R/A CT CORPORATION SYSTEM
120 S CENTRAL AVE
CLAYTON, MO 63105

COURT SEAL OF

GREENE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01/14/2020     /S/ THOMAS R. BARR BY CR
Date     Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)
My commission expires: _____ _____
Date     Notary Public

**Sheriff's Fees, if applicable**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $_____ (_____ miles @ $._____ per mile)
Total $_____

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (08-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-88     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:20-cv-03057-MDH    Document 1-1    Filed 02/28/20    Page 1 of 11

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

CHARLES MINGUS, §
§
      Plaintiff, §
§
v. §
§ Case No._____
KRAFT HEINZ FOODS COMPANY, §
§
*May be served to* §
Registered Agent §
CT Corporation System §
120 South Central Ave §
Clayton, MO 63105 §
      Defendant. §

## PETITION

**COMES NOW** Plaintiff, by and through counsel, and for his Petition, states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is a citizen of Webster County, Missouri at all times pertinent to this Petition.

2. Defendant, Kraft Heinz Foods Company, (hereinafter "Kraft"), is a Foreign Limited Liability Company in good standing and registered to do business in the State of Missouri, which may be served through its Registered Agent, C T Corporation System, 120 South Central Ave, Clayton, MO 63105.

3. Kraft employed greater than 15 employees at the time of the events described by Plaintiff.

4. Kraft conducts business at 2035 E. Bennett St, Springfield, Mo 65803, therefore venue is proper in this Court.

5. Plaintiff has a handicap of respiratory condition consisting of bronchial asthma, or in the alternative, was regarded or perceived as having a handicap/disability.

6. Plaintiff communicated his handicap/disability to his supervisor.

7. On information and belief, Defendant had knowledge of plaintiff's handicap/disability, and/or regarded or perceived plaintiff has having a handicap/disability.

8. Plaintiff sought reasonable accommodations for his handicap/disability from his supervisor and department.

9. Plaintiff was able to perform all functions, duties and responsibilities required of his position with Defendant despite and with reasonable accommodation of his handicap/disability.

10. No action was taken by defendant to provide reasonable accommodations to plaintiff or determine whether the Defendant would have any hardship in accommodating the handicap/disability of plaintiff.

11. In fact, upon information and belief, Defendant delayed providing an accommodation for Plaintiff for an extended period of time.

12. Reasonable accommodations existed, and no hardship incurred by the Defendant in accommodating the handicap/disability of plaintiff.

13. Plaintiff voiced opposition to his handicap/disability being held against him by is supervisors and Defendant.

14. As an act of discrimination, and retaliation motivated by plaintiff's opposition to request for accommodation due to his handicap/disability, Defendant discriminated and retaliated against in that:

    a. Plaintiff was advised against requesting a workplace accommodation;

    b. Plaintiff was then subject to four disciplinary actions, after receiving no disciplinary actions, to his knowledge, the previous four years;

    c. Plaintiff's handicap/disability was a motivating factor and reason for the disciplinary actions;

15. Plaintiff reported to supervisors and Defendant that the disciplinary actions were in retaliation to his requesting a reasonable accommodation for his handicap/disability.

16. Upon information and belief, Defendant failed to follow procedure in investigating Plaintiff's claims of discrimination and retaliation.

17. Upon information and belief, Defendant has a policy including a prohibition on retaliation.

18. Plaintiff was terminated December 7, 2019 based on a prior retaliatory Final Warning of which Plaintiff had reported as an act of discrimination and retaliation.

19. Plaintiff's voiced opposition to discrimination against himself and retaliation was a motivating factor for the actions herein.

## COUNT I – DISCRIMINATION

**COMES NOW** Plaintiff and for Count I, states:

20. Incorporate herein the General Allegations.

21. Plaintiff was an 'employee' within the meaning of § 213 RSMo *et seq*

22. Defendant is an 'employer' within the meaning of § 213 RSMo *et seq.*

23. Defendant discriminated against plaintiff as set forth herein.

24. With respect to the unlawful employment practices, a Charge of Discrimination was filed with the Missouri Commission of Human Rights ('MCHR'). Attached

hereto **Exhibit A** is a true and accurate copy of the Charge of Discrimination made part hereof by reference as to the facts set forth therein.

25. Said Charge of Discrimination was filed with the MCHR within 180 days of the most recent unlawful employment practices alleged, and more than 60 days prior to the commencement of this action.

26. With respect to the Charge of Discrimination, Plaintiff was issued a Right to Sue letter by the MCHR, informing him of his right to pursue independent legal action and this action is filed in a timely manner within 90 days of receipt of the Right to Sue. Attached hereto **Exhibit B** is a true and accurate copy of the Right to Sue.

27. Defendants engaged in unlawful employment practices, as set forth herein, against Plaintiff in violation of Chapter 213 RSMo., *et seq* in that Plaintiff was subject to a hostile environment of discrimination and retaliation which Defendants were aware of and failed to stop or prevent.

28. Defendants' actions, as set forth herein, were discriminatory, continuous, arbitrary and capricious and Defendants knew such actions were unlawful. The actions of Defendants were intentional, willful and calculated toward Plaintiff and constituted willful violations of Chapter 213 RSMo., *et seq*.

29. Plaintiff has been monetarily damaged by Defendants' unlawful practices in violation of Chapter 213 RSMo., *et seq.*, and has also suffered physical and mental pain, anguish and distress.

**WHEREFORE**, Plaintiff prays the Court:

    A. Adjudge and decree that Defendants discriminated/retaliated against Plaintiff, and that said actions by Defendants were willful violations of

the Act;

B. Order Defendants to make Plaintiff whole for the loss of income he has suffered as a result of Defendants' unlawful employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, Social Security contributions, front pay, and all other monetary compensation, including prejudgment interest, for injuries and damages suffered by Plaintiff;

C. Award Plaintiff attorney's fees, costs and all other relief afforded under Chapter 213 RSMo., *et seq.*, and;

D. For all other relief the Court deems just and proper.

## COUNT II –RETALIATION

**COMES NOW** Plaintiff and for Count II, states:

30. Incorporate herein the General Allegations.

31. Plaintiff was an 'employee' within the meaning of § 213 RSMo *et seq*

32. Defendant is an 'employer' within the meaning of § 213 RSMo *et seq.*

33. Defendant retaliated against plaintiff as set forth herein.

34. With respect to the unlawful employment practices, a Charge of Discrimination was filed with the Missouri Commission of Human Rights ('MCHR'). Attached hereto **Exhibit A** is a true and accurate copy of the Charge of Discrimination made part hereof by reference as to the facts set forth therein.

35. Said Charge of Discrimination was filed with the MCHR within 180 days of the most recent unlawful employment practices alleged, and more than 60 days prior

to the commencement of this action.

36. With respect to the Charge of Discrimination, Plaintiff was issued a Right to Sue letter by the MCHR, informing him of his right to pursue independent legal action and this action is filed in a timely manner within 90 days of receipt of the Right to Sue. Attached hereto **Exhibit B** is a true and accurate copy of the Right to Sue.

37. Defendants engaged in unlawful employment practices, as set forth herein, against Plaintiff in violation of Chapter 213 RSMo., *et seq* in that Plaintiff was subject to a hostile environment of discrimination and retaliation which Defendants were aware of and failed to stop or prevent.

38. Defendants' actions, as set forth herein, were discriminatory, continuous, arbitrary and capricious and Defendants knew such actions were unlawful. The actions of Defendants were intentional, willful and calculated toward Plaintiff and constituted willful violations of Chapter 213 RSMo., *et seq*.

39. Plaintiff has been monetarily damaged by Defendants' unlawful practices in violation of Chapter 213 RSMo., *et seq.*, and has also suffered physical and mental pain, anguish and distress.

**WHEREFORE**, Plaintiff prays the Court:

    A. Adjudge and decree that Defendants discriminated/retaliated against Plaintiff, and that said actions by Defendants were willful violations of the Act;

    B. Order Defendants to make Plaintiff whole for the loss of income he has suffered as a result of Defendants' unlawful employment practices, including back pay from the time of the unlawful discrimination, wage

increases and reimbursement of any lost fringe benefits, Social Security contributions, front pay, and all other monetary compensation, including prejudgment interest, for injuries and damages suffered by Plaintiff;

C. Award Plaintiff attorney's fees, costs and all other relief afforded under Chapter 213 RSMo., *et seq.*, and;

D. For all other relief the Court deems just and proper.

/s/Jay Kirksey

**Jerry M. (Jay) Kirksey**
Missouri Bar No. 38643
Attorney for Plaintiff

/s/Jesse T. Ankrom

**Jesse T. Ankrom**
Missouri Bar No. 67080
Attorney for Plaintiff

**KIRKSEY LAW FIRM, L.L.C.**
711 S. Albany Avenue
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jmkirksey@kirkseylawfirm.com

*Attorneys for Plaintiff*

Electronically Filed - Greene - January 14, 2020 - 11:46 AM

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

**2031-CC00055**

ENTER CHARGE NUMBER
☐ FEPA E-01/19-504 9
☐ EEOC 28E-2019-0049 7

## MISSOURI COMMISSION ON HUMAN RIGHTS AND EEOC

| | | |
|---|---|---|
| **NAME** (Indicate Mr., Ms., or Mrs.) Charles A. Mingus | **DATE OF BIRTH** May 12, 1978 | **HOME TELEPHONE NO.** (Include Area Code) 417-844-4335 |
| **Street Address** 410 N. Mill St | **City, State and Zip Code** Marshfield, MO 65706 | **County** Webster |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| | | |
|---|---|---|
| **NAME** Kraft Heinz Foods Company | **NO. OF EMPLOYEES/MEMBERS** >15 | **TELEPHONE NUMBER** (Include Area Code) 417-881-2701 |
| **STREET ADDRESS** 2035 E. Bennett St | **CITY, STATE AND ZIP CODE** Springfield, Mo 65804 | |

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION
☐ NATIONAL ORIGIN ☒ RETALIATION ☐ AGE
☒ DISABILITY ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE** (Month, Day, Year)
December 7, 2018

☒ CONTINUING ACTION

FILED JAN 11 2019 MO Commission on Human Rights Jefferson City Office

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

I was employed as a general laborer for Kraft Heinz from March 2014 until I was terminated on December 7, 2018. I had a history of excellent performance reviews and received no write ups or reprimands, to my knowledge, until May of 2018 and only after I had requested an accommodation for my disability/handicap related to respiratory. My immediate supervisor is Shannon Derrick and the production supervisor is Sheldon Taylor, and the Human Resource Specialist I first dealt with was Mandy Emory.

I requested an accommodation for my disability related to my bronchial asthma condition beginning in April 2018, pursuant to a doctor recommendation.. My condition made it difficult to work in the full body personal protection suits as well as the mono-goggle required. I spoke with my doctor and was informed my condition could worsen at times of physical exertion and compounded when in the body suits and goggles I had to wear at work. My doctor recommended I not be required to wear a closed-system personal protection equipment. My request for the workplace accommodation was initially delayed for 3 months with no reasonable explanation. When I initially requested the workplace accommodation the HR specialist Mandy seemed to advise against the request which concerned me. The write ups and reprimands, or disciplinary actions, began shortly after my request for a workplace accommodation and I believe were in retaliation to my request. After receiving no disciplinary actions, to my knowledge, in the previous four years I was suddenly subjected to four bogus, ridiculous and trumped-up disciplinary actions. I feel they were retaliating against my protected activity of requesting a workplace accommodation in order to justify firing me rather than providing the accommodation I had should have been allowed. I am not the only one who has requested an accommodation for a disability or handicap and after suffered retaliation in the form of write-ups or reprimands. I am aware that Brian Woodroof was retaliated against by management.

I appealed all the disciplinary actions in an attempt to show them they were bogus and retaliatory. In one appeal I specifically mentioned to the head of the cheese and dairy department that these disciplinary actions were in retaliation to my disability/handicap and request for an accommodation. To my knowledge, I don't believe the company followed the procedures and protocols in investigating my claims of discrimination and retaliation. Instead they rubber-stamped their "disciplinary actions" and subsequently fired me to avoid having to accommodate my disability.

I was terminated December 7, 2018 based on a prior retaliatory Final Warning of which I had already reported as an act of discrimination and retaliation. I have appealed the termination. During this process I have reported, again, the retaliation due to my disability/handicap and that led to my final termination, but no one seems to want to listen. To this date, I still don't think Kraft has investigated my report of discrimination/retaliation, though Kraft policy requires an investigation and finding, with prohibition of retaliation as has occurred.

**EXHIBIT A**

| | NOTARY — (When necessary to meet State and Local Requirements) |
|---|---|
| [X] I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | _____ I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>[signature]                                  1-10-2019<br>Charging Party (Signature)              Date | SIGNATURE OF COMPLAINANT<br>_____<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month and year) |

File No. 11517-001

```
       FILED
     JAN 11 2019
MO Commission on Human Rights
    Jefferson City Office
```



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANN S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

Charles A. Mingus
410 N. Mill St.
Marshfield, MO  65706

RE:  Mingus vs. Kraft Heinz Foods Co.
     E-1/19-50487    28E-2019-00497

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

Respectfully,

*[signature]*

Alisa Warren Ph.D.
Executive Director

December 4, 2019
Date

**EXHIBIT B**

Kraft Heinz Foods Co.
2035 E. Bennett St.
Springfield, MO  65804

Kirksey Law Firm, LLC
Jay Kirksey
711 South Albany Ave.
Bolivar, MO  65613
*Via email*

☒ ☐ ☐ ☐

3315 WEST TRUMAN BLVD., SUITE 212
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102-1047
FAX: 816-889-3582

106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.
TDD/TTY: 1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights   E-Mail: mchr@labor.mo.gov